BUSH *v.* SULLIVAN.

Under a parole license to work upon and prove mineral land for a share of
the mineral raised, where the occupant has made expenditures in sinking
a shaft and running drifts, the license cannot be revoked without refund-
ing the expenditure, or giving the party at least six months notice. And
although such parole license is within the statute of frauds, still when
connected with such improvements to prove the ground, it is voidable
only upon such compensation or notice.

ERROR *to Dubuque District Court.*

*Opinion by* GREENE, J. Action of ejectment by J. D.
Bush against M. J. and J. M. Sullivan. Plea general issue.
Verdict and judgment for defendant.

We learn from the facts recited in the bill of exceptions
that defendants had been in possession of plaintiff's min-
eral land, by virtue of an unlimited parole license, for
about two years; that they had made large expenditures in
proving the ground; that under the arrangement plaintiff
was to have one fourth of the mineral raised by the defend-
ants, as his ground rent, and that he had already received
proceeds of his fourth of 8,240 pounds. It also appears
that defendant owned lands adjoining the *locus in quo,* that
one of the objects in sinking shafts and running drifts was

Bush *v.* Sullivan.

to get upon and prove their own land, and that in February, 1850, the parties met and agreed upon the terms of a written lease to the mining interest, that a lease was signed by the parties but not delivered; that plaintiff then read a lease which he wanted defendants to sign, by which they were to furnish him certain pasture ground at one dollar a year, but defendants object to give the pasture privilege for more than one year, therefore plaintiff declined delivering the lease which he had signed, and forbid defendants from going on or mining upon the ground from that time forth. But they continued mining on the ground from that time till in August with the knowledge, but without further objection from plaintiff. Upon these facts the court instructed the jury, that plaintiff, forbidding defendants further working or mining the ground at the time they attempted to execute a written lease, was not sufficient notice to quit.

Although defendants were in possession under parole permission only, still as that possession was authorized by the owner of the soil, and as under that license they had been induced to make expensive improvements, it would be repugnant to the leading objects of the law to recognize a notice that would give neither remuneration for the improvements nor time to make them available. True a parole lease, like the present, is at least voidable under our statute of frauds, and at all times revokable by the owner of the land; still there are principles of law and common honesty that should be observed in such revocation. Where these parole arrangements to work mineral lands on shares are of such common occurrence, and when a statute of frauds renders them so inoperative, it becomes highly important that some principles should be recognized by the courts under which gross injustice may be avoided.

If a miner has been induced, under parole license, to sink a shaft or run drifts, and if before proving the ground the license is revoked, he should have either the six months

notice recognized at common law to a tenant at will, or else the amount expended by him on the ground should be refunded. These well known principles should no doubt be recognized in cases like the present. In England it has been held that a parole license to work and improve lands, where an expense has been incurred, cannot be revoked without repaying the expenses. 8 East. 308, note 1. This important principle may well be recognized in a parole license like the present, which comes within the statute of frauds. Before declaring such an agreement void under the statute, a court should apply every appropriate principle of law to bring the parties in *statu quo.* And hence, we assume that the license in the present case was not absolutely void, as claimed by counsel, under the third section of the statute of frauds; it is only voidable. Not *ipso facto* void, but may be declared void by a competent tribunal on terms calculated to prevent fraud. If the owner of the soil desires to revoke such parole license, he should refund the expenses incurred in improvements or give such reasonable notice as would enable the occupant to secure the products contemplated for his labor and improvements.

The doctrine is well settled that a parole tenancy for farming purposes is to be considered a tenancy at will from year to year, and that six months notice to quit is necessary. The reason for this principle is that the tenant should have time to reap the crop which he had planted. Upon the same principle a parole license to sink shafts and run drifts for a share of the mineral found and raised, there is the same reason and necessity for the rule, that the minor shall have like notice to enable him to prove the range and raise the mineral which his money and industry have developed. In such a case at least six months notice should be given, or compensation for the improvements should be made.

We see nothing in Banbridge on Mines, or in any other

authority cited, that militates against this principle. We conclude, therefore, that the court below correctly charged that the notice to quit was not sufficient.

Judgment affirmed.

*L. A. Thomas,* for plaintiff in error.

*P. & J. M. Smith,* for defendant.